# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN WATERLOO DIVISION

| | |
|---|---|
| AMANDA MARIE HOSCH, <br><br>　　　　Plaintiff, <br><br>vs. <br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br>　　　　Defendant. | No. C15-2014-CJW <br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Amanda Marie Hosch seeks judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying her application for Social Security supplemental security income benefits (SSI) under Title XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.* (Act). Hosch contends that the administrative record (AR) does not contain substantial evidence to support the Commissioner's decision that she was not disabled during the relevant period. For the reasons that follow, the Commissioner's decision is affirmed.

## I.　　BACKGROUND

Hosch was born in 1991, completed high school, and did not attend special education. AR 18. She has no past relevant work history. AR 18. The Administrative Law Judge (ALJ) determined that there was work which the claimant could perform such as a kitchen helper, cook helper, or cleaner/housekeeper. AR 19.

Hosch filed her application for SSI on May 8, 2012, alleging a disability onset date of February 1, 2012. AR 20-21. She contends that she is disabled due to anxiety, depression and personality disorder. AR 19-20. Hosch's claims were denied initially and on reconsideration. AR 95-98, 109-111. She then requested a hearing before an

ALJ. ALJ Eric S. Basse conducted a hearing on August 20, 2013 (the Hearing), AR 24-62, and issued a decision denying Hosch's claim on November 15, 2013. AR 6-18.

Hosch sought review by the Appeals Council, which denied review on January 30, 2015 (AR 1-4), leaving the ALJ's decision as the final decision of the Commissioner. On March 20, 2015, Hosch filed a complaint (Doc. No. 3) in this court seeking review of the Commissioner's decision. On April 6, 2015, with the consent of the parties (Doc. 6), the Honorable Edward J. McManus transferred this case to a United States Magistrate Judge for final disposition and entry of judgment. The parties have now briefed the issues, and the matter is fully submitted.

## II.     *DISABILITY DETERMINATIONS AND THE BURDEN OF PROOF*

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); *accord* 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do her previous work but cannot, considering her age, education and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see "whether the claimant has a severe impairment that

2

significantly limits the claimant's physical or mental ability to perform basic work activities." *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby*, 500 F.3d at 707; *see also* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Bowen v. Yuckert*, 482 U.S. 137, 141, 107 S. Ct. 2287, 2291 (1987). "The sequential evaluation process may be terminated at Step Two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on her ability to work." *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (internal quotation marks omitted).

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's residual functional capacity (RFC) to determine the claimant's "ability to meet the physical, mental, sensory and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv),

416.945(a)(4). "RFC is a medical question defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his or her physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (internal quotation marks omitted); *see also* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *Id*. If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id*. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in Step Four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to show that there is other work that the claimant can do, given the claimant's RFC as determined at Step Four, and his or her age, education, and work experience. *See Bladow v. Apfel*, 205 F.3d 356, 358-59 n.5 (8th Cir. 2000). The Commissioner must show not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). At Step Five, even though the burden of production shifts to the Commissioner, the burden of persuasion to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

### III. ALJ'S FINDINGS

The ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since May 8, 2012, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: bipolar affective disorder, major depressive disorder, personality disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: she can have only occasional interaction with the public, coworkers, and supervisors. She is limited to simple routine tasks, involving only simple work-related decisions and few workplace changes. There should be no requirement for close verbal communication to carry out tasks. She should not be required to work as part of a team. She will need to work at definitive tasks that are performed on her own.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on March 7, 1991, and was 21 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

AR 12-19.

## IV.   THE SUBSTANTIAL EVIDENCE STANDARD

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to

draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## V. DISCUSSION

Hosch argues the ALJ's decision is flawed for two reasons:

1. The ALJ's RFC assessment failed to include limitations in concentration, persistence, or pace.
2. The Commissioner has not sustained her burden of proof in this case.

These two arguments will be addressed separately below.

### A. RFC Determination - Applicable Standards

The claimant's RFC is "what [the claimant] can still do" despite his or her "physical or mental limitations." 20 C.F.R. § 404.1545(a)(1). "The ALJ must determine a claimant's RFC based on all of the relevant evidence." *Fredrickson v. Barnhart*, 359 F.3d 972, 976 (8th Cir. 2004). This includes "an individual's own description of [her] limitations." *McGeorge v. Barnhart*, 321 F.3d 766, 768 (8th Cir. 2003) (quoting *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). The claimant's RFC "is a medical question," *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001), and must be supported by "some medical evidence." *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam). The medical evidence should address the claimant's "ability to

7

function in the workplace." *Lewis*, 353 F.3d at 646. At Step Four, the claimant has the burden to prove her RFC and the ALJ determines the RFC based on all relevant evidence. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004).

The ALJ is not required to mechanically list and reject every possible limitation. *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011). Furthermore, "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)). "[T]he ALJ may reject the conclusions of any medical expert, whether hired by a claimant or by the government, if inconsistent with the medical record as a whole." *Bentley v. Shalala*, 52 F.3d 784, 787 (8th Cir. 1995). The RFC must only include those impairments which are substantially supported by the record as a whole. *Goose v. Apfel*, 238 F.3d 981, 985 (8th Cir. 2001); *see also Forte v. Barnhart*, 377 F.3d 892, 897 (8th Cir. 2004).

### *1. The ALJ Properly Evaluated Plaintiff's RFC and Posed a Proper Hypothetical Question to the VE*

The ALJ was not required to include specific, moderate limitations on concentration, persistence, or pace in his RFC assessment or hypothetical question to the Vocational Expert (VE), simply because he found plaintiff had these limitations in his "paragraph B" criteria analysis at Step Three (AR 12). *Contra* Pl's Br. at 5-10. The RFC analysis is different than the Step Three analysis. Social Security regulations and rulings describe the distinction between the ratings of limitations in the four mental functional categories (daily living, social functioning, concentration, persistence or pace, and decompensation)[1] and the limitations in an RFC determination. 20 C.F.R. § 416.920a(d)(1),(2),(3); Social Security Ruling ("SSR") 96-8p. The degree of limitation

---

[1] These categories correspond to the criteria in "paragraph B" of most of the mental impairments found in § 12.00 of the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.00.

8

in the four categories determines whether a claimant has a severe mental impairment and whether such impairment meets or equals a listing. 20 C.F.R. § 416.920a(d)(1),(2); SSR 96-8p.

Once the ALJ determines that the claimant's mental impairment is severe, but does not meet or equal a listing, an ALJ must then assess the claimant's RFC. 20 C.F.R. § 416.920a(d)(3); SSR 96-8p. Although an ALJ must evaluate a claimant's limitations in these four categories, these ratings are not the same as an RFC assessment. SSR 96-8p. Because the rating of limitations in the four categories and the limitations in the RFC assessment do not serve the same purpose, an ALJ need not recite the "paragraph B" limitations in his RFC finding. *Id*; *Gann v. Colvin*, No. C 14-4026-MWB, 2015 WL 1242706, at *26 (N.D. Iowa Mar. 18, 2015) (unpublished) (rejecting argument that findings at Step Two and Three automatically require ALJ to include corresponding limitations in RFC); *Crane v. Colvin,* No. 4:13-046-DGK-SSA, 2014 WL 460858, at *4 (W.D. Mo. Feb. 5, 2014) (unpublished) (distinguishing the "special technique" used at Steps Two and Three from RFC assessment).

Here, the ALJ recognized that the limitations identified in the "paragraph B" criteria are used to rate the severity of mental impairments at Steps Two and Three of the sequential process (AR 12). The ALJ further stated that the RFC analysis requires a more detailed assessment by itemizing the various functions contained in the broad "paragraph B" categories (AR 12). The ALJ reviewed the evidence and made such an assessment. The ALJ noted that plaintiff was alert, she maintained good energy, she had normal eye contact and full affect, and her speech was regular in rate and volume (AR 15, 490, 622, 629, 641, 655, 658, 663-664). Additionally, plaintiff's insight and judgment were fair, and her psychomotor activity was normal (AR 490, 561, 579, 637, 641, 644, 647, 655, 658, 660). The ALJ also noted that plaintiff reported decreased impulsivity and good concentration on medication (AR 15, 490, 629, 631, 633). Based on these findings, the ALJ limited plaintiff to simple, routine tasks, involving only simple, work-related

decisions and few workplace changes (AR 12). The ALJ stated that this RFC finding reflected the degree of limitation he found in the "paragraph B" analysis (AR 12).

These limitations also accounted for moderate limitations in concentration, persistence, or pace. The Eighth Circuit Court of Appeals and several district courts have held that moderate limitations in concentration, persistence, or pace are consistent with the simple, routine, repetitive tasks involved in unskilled work. *See Howard*, 255 F.3d at 582; *Ge Xiong v. Colvin*, No. 13-396 (DWF/JSM), 2014 WL 460857, at *27 (D. Minn. Feb. 5, 2014) (unpublished); *Garrett v. Colvin*, No. 4:12CV3243, 2013 WL 3984575, at *4 (D. Neb. Aug. 2, 2013) (unpublished); *Hall v. Astrue*, No. 2:11-CV-02138, 2012 WL 2049454, at *8 (W.D. Ark. June 6, 2012) (unpublished); *Welsh v. Astrue*, No. C10-0120, 2011 WL 3303459, at *10 (N.D. Iowa July 27, 2011) (unpublished); *Harris v. Astrue*, No. 09-0514-CV-W-GAF-SSA, 2010 WL 1936019, at *7 (W.D. Mo. May 12, 2010) (unpublished). Thus, the ALJ's RFC finding reflected the degree of limitation he found in the "paragraph B" analysis (AR 12-13).

Plaintiff asks the court to take judicial notice of an undated, uncertified, incomplete, and redacted order of an appeals council in an unrelated case and consider it an admission by the Commissioner that "limitations to simple, routine and repetitive tasks do not adequately account for moderate difficulties in maintaining concentration, persistence, or pace." Pl's Br. At 8. The court declines to do so. That order is not part of the record in this case. This court may consider only evidence within the record certified by the Commissioner. *See* 42 U.S.C. §405(g) ("The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner for Social Security, with or without remanding the cause for a rehearing."); *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997) (holding that Section 405(g) generally precludes consideration on review of evidence outside the record before the Commissioner during the administrative proceedings). Moreover, although under Federal Rule of Evidence 201(b), a court "may" take judicial notice of a "fact that

is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonable be questioned," the court is not bound to do so, and in any event, the undated, uncertified, incomplete, and redacted order is, for those reasons, subject to reasonable dispute.

Even if the ALJ had not included any mental limitations in his RFC finding, however, he still would not have erred because moderate limitations in the "paragraph B" criteria do not necessarily require mental limitations in the RFC assessment. *Flint v. Colvin*, No. 13-CV-1220 PAM/SER, 2014 WL 2818665, at *27 (D.Minn. June 23, 2014) (unpublished) (ALJ not required to include "paragraph B" finding of moderate limitations in concentration, persistence, or pace in RFC determination). Plaintiff's argument that she was precluded from performing unskilled work as defined in the Program Operations Manual System ("POMS") lacks merit for the same reason. Regardless, the POMS have no legal force and are not binding on the Commissioner. *Berger v. Apfel*, 200 F.3d 1157, 1161 (8th Cir. 2000).

The ALJ was not required to recite his Step Three "paragraph B" findings in his RFC assessment or hypothetical question to the VE. The ALJ properly conducted a separate RFC analysis and accounted for plaintiff's mental limitations.

## 2. The Commissioner Has Sustained Her Burden of Proof

At Step Five, the ALJ properly relied on VE testimony in finding plaintiff could perform work existing in significant numbers in the national economy (AR 18). *Contra* Pl's Br. at 11-14. VE testimony is substantial evidence when it is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies. *Cox v. Astrue*, 495 F.3d 614, 620 (8th Cir. 2007).

Plaintiff argues that the ALJ was required to include the "paragraph B" limitations in his hypothetical question to the VE. Pl's Br. At 12. As discussed above, however, the rating of limitations in the four "paragraph B" categories, and the limitations in the RFC

assessment, do not serve the same purpose. 20 C.F.R. § 416.920a(d)(1),(2),(3); SSR 96-8p. An ALJ is not required to recite the "paragraph B" findings in his RFC assessment. Because the ALJ's hypothetical question reflected his properly supported RFC finding, the VE's response provides substantial evidence to support the Commissioner's conclusion that plaintiff was not disabled during the relevant time period (AR 12-13, 56-57). *Cox*, 495 F.3d at 620.

Thus, the Commissioner has sustained her burden of proving that plaintiff could perform work existing in significant numbers in the national economy.

## VI. CONCLUSION

For the reasons set forth herein, and without minimizing the seriousness of plaintiff's impairments, the court finds that the Commissioner's determination that Hosch was not disabled is **affirmed**. Judgment shall be entered against Hosch and in favor of the Commissioner.

**IT IS SO ORDERED** this 30th day of March, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa